NICHOLAS STEBED, Plaintiff in Error, v. DOMINIQUE STOCK, Defendant in Error.

1. In a suit under the Mechanics' Lien Act, (R. C. p. 1067,) the lien must be filed within ninety days after the work and labor done, or materials furnished; and if the lien be not filed within the time prescribed, the St. Louis land court has no jurisdiction to enter up a general judgment for the value of the work and materials against the person contracting therefor.

### Error to the St. Louis Land Court.

This was a suit upon a mechanic's lien, filed in May, 1857, the cause of action having occurred in November, 1856, brought in the St. Louis land court. At the trial the plaintiff proved his account, and asked for judgment for the value of the work and labor, and materials.

The court gave the following instruction as prayed by defendant:

If the jury find from the evidence in this cause that the plaintiff in this case did not file a just and true account of his demand against defendant within ninety days after all the things claimed in said account were furnished, and the work and labor claimed for done and performed, they will find for the defendant.

Plaintiff asked the following instruction, which was refused:

If the jury believe from the evidence that there was a contract entered into between plaintiff and defendant, in March, 1856, for the performance of certain work, and that this work was completed in November, 1856, and other work was done by plaintiff at defendant's instance in continuation of the contract work; that within six months after all the materials were furnished, or work and labor done, plaintiff filed his lien for such work, labor and materials, then he is entitled to recover for such work, labor and materials, such sum as the jury shall believe from the evidence to be due and unpaid.

The plaintiff took a non-suit, with leave to move to set the same aside. The motion was overruled.

*A. J. P. Garesché,* for plaintiff in error.

Having proved the debt, although he failed to establish his right to a lien, the plaintiff was entitled to a general judgment. (Patrick v. Abeles, 27 Mo. 184.)

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared by Judge Ewing, in which Judge Napton concurred, but no judgment was entered. The parties, before knowing what that opinion is, have agreed that judgment may be entered in accordance with it. The judgment below is therefore affirmed, all the judges concurring.

EWING, Judge. The only question raised by the instructions is as to the plaintiff's right to a lien upon the facts proved. The instructions given by the court assume that the account should have been filed within ninety days after all the materials were furnished, and the work and labor performed. The instruction asked by the plaintiff, which was refused, declares that if there was a contract between plaintiff and defendant in March, 1856, for the performance of certain work, and that this work was completed in November, 1856, and other work was done by plaintiff at defendant's instance, in continuation of the contract; that within six months after all the materials were furnished, or work and labor done, plaintiff filed his lien for such work, labor and materials, then he is entitled to recover for such work and labor and materials, such sum as the jury shall believe to be due and unpaid. This being refused, plaintiff took a non-suit. The work was completed November 4, 1856, and the account filed in May, 1857.

By the act of 1855, the account must be filed within ninety days after all the things are finished, or work and labor done, in order to entitle a party to a lien, (2 R. S., p. 1067,) and this was the only point involved in the instructions. Whether the plaintiff was entitled to a general judgment was not raised in the court below, and the case of Patrick v. Abeles,

27 Mo. 186, does not apply. There the plaintiff failed to establish his lien, it would seem, because he had not given the defendant the required thirty days' notice of the claim of lien, and the remark of the court that it would be inconvenient to make the jurisdiction of a cause depend upon the evidence has no application here ; for upon the face of the petition itself the want of jurisdiction in the land court clearly appeared by an averment showing that the account with a view to a lien was not filed for nearly six months after the things were furnished and work done, instead of ninety days thereafter as the law requires. The act of 1855 applies to this case—not that of 1857.

Judgment affirmed.