JOEL ABBOTT, Respondent, v. WHEELER B. LINDENBOWER, Appellant.

1. *Revenue — Tax sales — Abbot v. Lindenbower, 42 Mo. 162, did not attempt to anticipate all objections to.*—The true spirit and meaning of the decision in Abbott v. Lindenbower, 42 Mo. 162, was simply that certain things were essential to the valid exercise of the taxing power, and could not be dispensed with by the Legislature; and that, in defending against the effect of a tax deed, the want or omission of them might be shown in evidence, notwithstanding the statute (Gen. Stat. 1865, p. 127, §§ 111–12); but that decision did not attempt to specify all the things that were so essential — to anticipate all possible objections to every tax sale.

2. *Revenue — Tax deeds prima facie evidence of title.*—A tax deed is *prima facie* evidence of facts necessary to constitute title, and the *onus* is thrown upon him who would attack its validity.

*Appeal from Third District Court.*

*Jas. F. Hardin* and *H. J. Lindenbower*, for appellant.

I. The power of sale does not attach to land for non-payment of taxes until every prerequisite has been complied with. The party claiming under a tax deed has the burden on him to show a substantial compliance with the law through which he claims title. Tax sales are against common justice and right, and a strict construction must be given to all enactments authorizing such sales.

Abbott v. Lindenbower.

· II. Tax deeds are evidence only of the facts therein recited, and the Legislature has no authority to make such deeds conclusive evidence that each and every matter and thing required to be done by the provisions of such act has been complied with. It will be observed that the deed in the case at bar does not pretend to recite any of the former acts of listing, assessing, levying tax, etc. ; yet it is claimed that the deed is conclusive evidence that all these things were done in the proper time and manner. Such doctrine is monstrous.

. III. The Circuit Court erred in giving the declarations of law on the part of the plaintiff. (See Abbott v. Lindenbower, 42 Mo. 162 ; Ruby v. Huntsman, 32 Mo. 501 ; Reed v. Morton, 9 Mo. 868 ; Morton v. Reed, 1 Mo. 64 ; Lachman v. Clark, 14 Cal. 131 ; Eppinger v. Kirby, 23 Ill. 521 ; Dukes v. Rowley, 24 Ill. 210 ; Abell v. Cross, 14 Iowa, 191 ; Lovejoy v. Lunt, 48 Me. 339 ; Crowell v. Goodwin, 3 Allen, Mass., 535 ; Woolfolk v. Fonbene, 15 La. Ann. 15 ; Haman v. Pope, 1 Gilm., Ill., 131 ; Allen v. Armstrong, 16 Iowa, 508 ; Whitney v. Thomas, 23 N. Y. 281 ; Scott v. Y. M. Society, 1 Doug., Mich., 121 ; Doughty v. Pope, 3 Den. 595, 599 ; Beekman v. Bingham, 1 Seld. 366 ; Blackw. Tax Tit. 78–83 ; Curry v. Hinman, 11 Ill. 428 ; Hughey v. Horrell, 2 Ohio, 378 ; 3 Comstock, 401 ; 15 Verm. 72 ; 22 Pick. 387 ; Isaacs v. Wiley, 12 Verm. 677 ; Smith v. Bodfish, 27 Me. 295 ; Blakeney v. Ferguson, 3 Eng. 277 ; Ronkendorff v. Taylor, 4 Pet. 349 ; Brown v. Veazie, 25 Me. 362 ; Young v. Martin, 2 Yates, 312 ; Shearer v. Woodburn, 10 Barr, 511 ; Bush v. Davidson, 16 Wend. 554 ; Langdon v. Poor, 20 Verm. 15 ; Thatcher v. Powell, 6 Wheat. 119 ; Gaines v. Stile, 14 Pet. 322 ; Judevine v. Jackson, 18 Verm. 472 ; Sharp v. Johnson, 4 Hill, 99 ; Corwin v. Merrit, 3 Barb., S. C., 343 ; Atkins v. Kinman, 20 Wend. 247 ; McDonough v. Gravier, 9 La. 546 ; Hawkins v. Kempfe, 3 East, 410 ; Sumner v. Sherman, 13 Verm. 612 ; Little v. Thurston, 3 Mass. 432 ; 12 Verm. 677 ; 3 N. H. 103.) As to construction of former statutes in this State, see 9 Mo. 868 ; 14 Mo. 575 ; 17 Mo. 161 ; 19 Mo. 331 ; 21 Mo. 420 ; 29 Mo. 377 ; 28 Mo. 62 ; 32 Mo. 501 ; 33 Mo. 312, 335.

IV. Section 112, p. 127, Gen. Stat. 1865, so far as it attempts

to make the tax deed evidence of former acts and things, irrespective of whether they were ever performed or transpired, is in direct conflict with article 5 of the amendments to the constitution of the United States, providing that "no person shall be * * deprived of life, liberty, or property, without due process of law." (See Wilkinson v. Leland *et al.*, 2 Pet. 627.)

*T. A. Sherwood*, for respondent, relied on Abbott v. Lindenbower, 42 Mo. 162.

BLISS, Judge, delivered the opinion of the court.

This cause has been once before the court, and is reported in 42 Mo. 162–9. It was there held that that part of the revenue act under consideration, making the tax deed conclusive evidence that everything required to be done by the provisions of the act had been complied with, was unconstitutional as far as it prohibited the owner of the land from showing that the tax assessment was not made against him by name, and that judgment was rendered without proper notice. The court also intimated that certain other matters and omissions sought to be proved to invalidate the deed might be concluded by it, and it was plainly declared that while the Legislature could not make a deed conclusive evidence of matters vitally essential to the valid exercise of the taxing power, it had power to make a deed of a public officer *prima facie* evidence of title. The positions of the court upon the matters involved were clearly stated in the opinion, and we still unhesitatingly adhere to them.

When the case went back to be again tried, the plaintiff, after having submitted his deed in evidence, offered testimony tending to prove that the land was subject to taxation at the time of the assessment, that the taxes had not been paid, that the land had not been redeemed before the execution of the deed, and that it belonged to and was in possession of J. M. Noland, in whose name it was assessed, and that the notice by publication of the intended application for judgment was properly given. The defendant offered no evidence, and the plaintiff recovered judgment.

The court made the following declaration of law on behalf of the plaintiff, to-wit: "That a deed executed by the collector under the provisions of the act contained in the session laws of 1863–4, entitled 'an act for the assessment and collection of the revenue in the State of Missouri,' approved February 4, 1864, shall be held and received in all courts and places where the title to the real estate therein conveyed is involved, as conclusive evidence that each and every act and thing required to be done by the provisions of said act had been complied with; and the party offering such deed in evidence shall not be required to produce the judgment, precept, or any other matter or thing, as evidence to sustain the title thereby acquired, although the party controverting such deed, and the title thereby conveyed, may, for the purpose of invalidating and defending against the same, show either one of the following facts only: first, that the land conveyed by such deed was not subject to taxation at the time of the assessment thereof, under which assessment such sale was made; second, that the taxes due thereon had been paid according to law before the sale; third, that such land had been duly redeemed according to law before the execution of such deed; fourth, that the land was not assessed in the name of the owner at the time of the assessment, or some former owner of said land; fifth, that notice was not given of the intended application for judgment against said land at the time and in the manner prescribed by law; and that any other evidence save that enumerated and specified in the five excepted instances aforesaid is wholly incompetent, irrelevant, and inadmissible in all cases where such deed and the title thereby acquired, as to the conclusiveness and validity thereof, is attempted to be controverted or invalidated."

This declaration is in the language of the statute, adding only the four or five exceptions, for the purpose, I suppose, of making it conform to the opinion of the court before referred to. Yet as an abstract proposition of law it can not be correct, and contradicts the spirit of that opinion, which was that certain things are essential to the valid exercise of the taxing power; that the Legislature had no power to dispense with them; that in defending against the effect of a tax deed, the want or omission of the

things which are thus essential may be shown in evidence to invalidate the deed, notwithstanding the statute declares it to be conclusive evidence of their existence.    But the court, in that opinion, did not undertake to specify all the things that are so essential; it did not attempt to anticipate all possible objections to every tax sale, and to say what matters would be essential, and hence might be set up as a defense to a deed, and what would be mere matters of form and should be concluded by the deed.    It only laid down the general principle, and held that the two objections offered to be sustained upon the trial came within the principle, would have been valid, and should have been allowed.    The abstract error of the present declaration is its assumption that there can be no other valid objection to a sale, an assumption which a court can not make ; for it will be bound to pass upon each objection specifically as it shall be raised.

Yet notwithstanding this error, it can not of itself invalidate the judgment, for the reason that no objections, formal or essential, were raised to which the declaration could apply.    The defendant offered no evidence whatever to show any omission or irregularity in the assessment or sale, and the plaintiff proved more than was necessary in the first instance in order to sustain his purchase.    The judgment, then, was so far right, and would have been for the plaintiff had the declaration been less sweeping. The ruling of this court, when the case was formerly before us, neither invalidates the tax deed nor wholly destroys its statutory effect.    By admitting certain defenses, notwithstanding the statute, this court held, in effect, that the deed, as to such defenses, should be considered as *prima facie* instead of conclusive evidence of the facts involved in them ; and when, upon the second trial, the Circuit Court gave it a more extensive application than could have been intended, and held that all but the enumerated defenses were cut off by the deed, certainly no harm was done unless the defendant was thereby prevented from making a lawful defense.    But it seems he made no affirmative objection to the assessment or sale, and it was hence, so far, of no importance to him whether the declaration was right or wrong.

The declarations of law asked by the defendant exhibit, how-

ever, the real grounds of his defense, and were in substance as follows: 1. "That the tax deed should not be held as conclusive evidence," etc. ; "but the party offering it should be required to produce the judgment, precept, and every other matter and thing required to be performed by the provisions of said act," etc. 2. "That the Legislature has no power to make a tax deed conclusive or even *prima facie* evidence that the law had been complied with, but the party relying on a tax deed is required to show that every step preliminary to the sale was had and performed," etc. ; that the *onus* of showing that the law has been strictly complied with lies upon the claimant under a sale. 3. The matters are set out in detail claimed to be necessary for the plaintiff to show before he can sustain his sale ; and, 4. That the Legislature can not make a deed conclusive or even *prima facie* evidence of anything not recited in it.

These declarations were all refused, as they should have been. They were drawn upon the assumption that the statute under consideration means nothing, or is altogether void. No such limitation upon legislative power has ever been hitherto assumed, and while this court has been careful to guard the rights of property under the constitution, it has also recognized as well the power of the Legislature to enforce the collection of its revenue by suitable penalties and forfeitures, and to throw the *onus* upon him who would attack the validity of an official act. We have sustained the Legislature in providing that a sheriff's deed shall be evidence of facts recited (Wagn. Stat. 612, § 54 ; McCormick v. Fitsmorris, 39 Mo. 24), and that in certain cases certified tax bills shall be evidence of facts necessary to be established in a suit (City of St. Louis v. Oeters, 31 Mo. 456) ; and no good reason is seen why it may not also provide that a tax deed shall be received as evidence of certain facts pertaining to the assessment of the tax and sale of the property. No one is injured if the person resisting the effect of the deed is permitted, as to all essentials, to rebut the presumption arising from its delivery.

Counsel insist that we should require the same amount of evidence to sustain the sale as if there were no statutory provision concerning the effect of the deed, and pronounce tax sales to

be against common justice and right, and unworthy of favor. It is against common justice and right for a portion of the people to shirk the payment of taxes, and thus throw an additional burden upon the better disposed; and courts should give effect to all just legislative provisions for the subjection of all property to an equal burden.

In the case at bar the plaintiff offered his deed in evidence, and proved affirmatively, what he was not bound to do, certain facts, the contrary of which the defendant had a right to establish. The defendant offered no evidence whatever, and the plaintiff was entitled to the judgment he obtained, which is affirmed. The other judges concur.