THE PEOPLE PLAINTIFFS, *v.* M. B. WILKERSON ET AL., DEFENDANTS.

ASSESSMENT—TAXATION.—If real estate and personal property have been assessed in a doubtful or disputed territory by two counties, the tax may be paid in the county where the land is actually located, and such payment will bar an action brought for the taxes in the other county.

LEGISLATIVE POWER—ASSESSMENT—TAXATION.—It is competent for the legislature to provide for the assessment and collection of taxes by either of two counties in a disputed or doubtful district, when it is left optional with the taxpayer to pay the taxes in the county where the land is actually situated.

IDEM—DEFENSES.—It is also within the power of the legislature to define by law the grounds upon which a party sued for his taxes may set up a defense.

CERTIFIED from the district court of the second judicial district, Ada county.

*F. E. Ensign,* district attorney, for the plaintiffs.

*Huston & Gray,* for the defendants.

HOLLISTER, C. J., delivered the opinion. CLARK, J., concurred.

This case was adjourned to this court from the district court of Ada county, upon the certificate of the judge of that court in conformity with the statute, that questions of law arising therein might be settled by the court. The respondents were assessed upon their real estate and personal property for the taxes of 1872, in Ada and Idaho counties, and on their refusal to pay them to the collector of Ada county, a suit was instituted against them and their real estate, by the district attorney, before a justice of the peace of said county, and a judgment entered against them, from which they appealed to the district court. The respondents claim that at the time of the assessment they were residents of the county of Idaho, and that the property assessed was situated in the same county. This seems to be conceded in the argument, and the only question thus presented is, whether the assessment of the tax in Ada county was valid.

There can be no question that an assessment of taxes to

be valid, must be made within the jurisdictional limits of
the taxing power, and by the proper officer of the district
or county where the taxes are levied.   What the districts
and proper officers are, must depend upon the statute under
which the assessments are made, and to that alone must we
look for a solution of the question, and hence the various
authorities cited on both sides can have but little or no ap-
plication to it.

In the creation of the counties of this territory, it was
difficult for the legislature to define with any degree of cer-
tainty their boundaries.   This was owing to the unsettled
condition of the country, a want of knowledge of the sources
of streams, and the exact situation of mountains and other
natural objects, by which such boundaries could, with any
degree of certainty, be established.   Added to this, it was
impossible, without actual surveys, to establish the bound-
aries so as to enable the public authorities to determine
where they were to be found, and thus to fix the limits of
the territorial jurisdiction of the several counties beyond
question or doubt.   Even the actual settler might claim,
honestly enough, to be a resident and taxpayer in one
county, when in fact he might be living in another, and in
this way deny the authority of the proper county to tax
him.   Under such circumstances, it was easy to see that
great difficulties might arise in collecting the public rev-
enues, and in carrying on the financial operations of the
government.

To obviate these difficulties the legislature passed the
act under which the assessments in question were made,
and though somewhat obscure and wanting in direct terms
to express the intention of the legislature, yet by necessary
implication there can be no difficulty in apprehending its
true meaning, and in applying its provisions to the case
under consideration.   By sections 36, 37, and 38 of the
revenue act, 5 Sess. Laws, provision is made for collecting
delinquent taxes by suit in the county where the assessment
is made, and direction is given as to the form of the com-
plaint, and by section 39, the character of the defense
is prescribed against a suit thus instituted.   This defense is

as follows, viz: First, that the taxes have been paid before suit. Second, that the taxes with costs have been paid since suit, or that such property is exempt from taxation under the provisions of section 4 of the act. Third, all claim, title, or interest in the property assessed, at the time of the assessment. Fourth, that the land is situated in and has been duly assessed in another county, and the taxes thereon paid. Fifth, fraud in the assessment or fraud in failing to comply with the provisions of the act, by which fraud the party or property assessed has suffered injury.

The respondents in their answer have set up neither of these defenses, and we might well let the judgment stand for want of a sufficient answer under the statutes.

The counsel for the respondents, however, have argued with much earnestness that, notwithstanding the provisions of the act prescribing the grounds of defense, they are at liberty to set up any other defense which they might be permitted to do, had no such defense been prescribed, but I am unable to coincide with them in this view of the law. The power of taxation for public purposes is inherent in every government, without it no government can exist, and its exercise in any mode prescribed by law can not be questioned. It may provide summarily for the assessment and collection of taxes, or by suit at law in which the taxpayer may be allowed to assert his right to exemption from the burden sought to be imposed upon him, and it may also determine upon what grounds such right may be asserted. So too it may define by law the taxing district, and appoint officers for the assessment and collection of the public revenues.

This is a prerogative right, and must therefore necessarily be an exclusive and peculiar privilege with which no one can interfere; of course there are limitations to this authority, founded upon principles of natural justice, or imposed by some fundamental law, to which all legislative power is subservient, but within such limitations it is supreme. In entering into the social compact every citizen surrenders to the sovereign authority the control of so much of his property as is needed for the public good, and the

exercise of this authority within proper limits can not be called in question by those who are subject to it.

It is urged by the respondents' counsel that it is not competent for the legislature to extend two taxing districts over the same territory, and by so doing subject the citizen to double or unequal taxation. This is conceded, for it is a principle of natural justice underlying our whole government, that the public burden shall not be distributed unequally, but borne by all in just proportions; but has it done so? It is difficult for us to see that it has. The revenue law contemplates that two counties may claim jurisdiction over the taxable property of persons living in doubtful or disputed territory, but there is no provision in it that will by any fair construction subject the property thus situated, to double or unequal taxation. If assessments are made in both counties, it is competent for the taxpayer to pay his taxes in either, as may best suit his interests or convenience, provided he can show that his land lies in the county where he has paid his taxes and has been duly assessed thereon; and in this view, the taxing district under the law, is that wherein the taxes have been duly levied and paid.

This seems to be the proper construction of the revenue act, for under it the taxpayer can not complain of inequality or injustice, nor can he render any attempt on the part of the public authorities to collect the public revenue in such disputed territory difficult or abortive. The legislature has been particularly careful of the rights of the citizen in this respect, for it has gone so far as to authorize him, when a suit has proceeded to judgment and such judgment remains wholly unsatisfied, to have it re-opened for the purpose of setting up the defense allowed by the fourth subdivision of section 39, and to avail himself as fully as he may, by due course of pleading in suits thereafter commenced.

I am, therefore, of the opinion that the assessment of the taxes in Ada county was strictly legal, and that the defense interposed was not sufficient to bar the action.

Section 37, of the revenue law, under which the suit was brought, provides, among other things, that the complaint

shall state the name of the owner of the real estate and personal property, and that, upon such property, there has been duly levied a territorial tax of ——— dollars, and a county tax of ——— dollars, amounting in the whole to ——— dollars, all of which is due and unpaid, of which amount ——— dollars was duly assessed and levied against the real estate, and ——— dollars against the improvements; wherefore said plaintiffs pray judgment against the party for the sum of ——— dollars (the whole of said tax), and separate judgment against the real estate, and improvements for the sum of ——— dollars (the tax thereon), etc.

The prayer of the complaint did not conform to this requirement, but asks, instead, for a judgment for the whole amount against the defendants, and for the same amount against the real estate and improvements, and the judgment followed the complaint in this respect.

The cause will be remanded, with directions to the district court to grant leave to the plaintiffs to amend the complaint, and to the defendants to answer it as amended and to proceed in all respects in conformity to this opinion. The respondents will be required to pay the costs of this court, and judgment to that effect will be entered accordingly.