JOEL ABBOTT, Respondent, v. W. B. LINDENBOWER, Appellant.

1. *Legislature — Powers — Tax Deeds.* — The legislature may make the deed of a public officer *prima facie* evidence of title; but they cannot make it conclusive evidence as to matters which are vitally essential to any valid exercise whatever of the taxing power.

2. *Tax Title — Ejectment — Evidence.*—In an action of ejectment upon a tax title, notwithstanding the prohibitions of the act touching tax deeds (Adj. Sess. Acts 1863-4, p. 89, §§ 21, 22; Gen. Stat. 1865, p. 127, §§ 111, 112),. evidence was admissible for the purpose of showing that the land had not. been assessed in the name of the real owner, or of any former owner, or of any tenant or occupant of the land.

3. *Tax Deeds — Proceedings under, against persons not owners, would have what effect.* — A deed conveying the title under proceedings against a person who had no title or interest whatever in the land, and was in no manner the representative of the owner, if any title could pass, would have the effect to take the property of one man, without due process of law against him, and give it to another. (Rev. Act, art. 2, §§ 10 and 29; Adj. Sess. Acts 1863-4— Gen. Stat. 1865, p. 100, § 13, p. 104, § 39—cited and compared.)

4. *False Assessments void.* — An assessment in the name of a person who. neither was nor ever had been the owner of the property, would be an utterly void assessment, and, as against the owner of property, cannot be made the foundation of a sale and conveyance of his land, even by legislative enactment.

5. *Ejectment — Evidence — Notice.* — In such a suit, evidence was admissible to show that the judgment against defendant's land had been rendered without notice to the owner. Without such notice, the court could have no lawful jurisdiction over him.

6. *Tax Deeds, conclusive evidence of what.* — The assessment of land, and the delivery of tax books, and collection of taxes, and return of delinquent tax lists, in the particular time and manner required by law; the assessment of all the land in the county; the issue of precept for the sale of land; the sale of land at the court-house door, and in the smallest subdivisions, are not essential pre-requisites of the lawful exercise of the taxing power in the State; and the act concerning tax deeds cannot be declared unconstitutional, because it makes the deed conclusive evidence that these things had been rightly done. They were matters of form which could be taken against defendant by default.

7. *Statute — Construction.* — The clause (Adj. Sess. Acts 1863–4, p. 89, § 21; Gen. Stat. 1865, p. 127, § 111) which provides that the tax deed "shall vest in the grantee, his heirs and assigns, the title to the real. estate therein described," may be understood as declaring what shall be the effect of the instrument when it has any effect at all.

## *Appeal from Polk Circuit Court.*

*H. J. Lindenbower*, for appellant.

I. The legislature is not competent to declare that a tax deed shall be conclusive evidence of the regularity and validity of the prior proceedings, as such an exercise of the power of taxation would amount to a legislative transfer, without cause and without due process of law, of the property of one citizen to another. A tax sale can only be maintained when the law has been strictly pursued. (Rubey v. Huntsman, 32 Mo. 501.)

II. There are essential and indispensable requisites of the power of taxation which must be observed, or the owner's title cannot be divested or transferred to another. Tax sales are against common right, and no presumption arises in favor of such sales. (Reed v. Morton, 9 Mo. 868; Morton v. Reeds, 6 Mo. 64.)

III. The provisions of the revenue law which attempt to make a tax deed conclusive evidence that each and every matter and thing required by law to be done prior to the sale, has been done, are against natural justice. (Blackw. on Tax Titles, 79, and authorities cited.)

IV. A "tax deed" passes no title unless the requirements of

the law have been followed, substantially at least. (Lachman v. Clark, 14 Cal. 131; Eppinger v. Kirby, 23 Ill. 521; Dukes v. Rowley, 24 Ill. 210; Abell v. Cross, 19 Iowa, 191.)

V. A sale in gross by the collector renders the deed invalid, unless the tax deed shows that it was necessary to sell the whole tract to pay the taxes. (Lovejoy v. Lunt, 48 Maine, 339.) If susceptible of subdivision, the land must be divided by the collector. Otherwise, the sale will be void. (Crowell v. Goodwin, 3 Allen, Mass., 535.) Any departure from the requirement of the revenue law, in the assessment or collection of tax, will render a tax sale under such assessment and collection void. (Woolfolk v. Fonbene, 15 La. An. 15.) A sale inside of the court-house door, when the law requires the land to be sold in front of the court-house, will render a tax deed void. (Rubey v. Huntsman, 32 Mo. 501.)

VI. The revenue law of 1864 requires judgment to be rendered, and precept to be issued by the County Court to the collector, which is the process upon which land is to be sold. A party claiming title under tax deed must produce a valid judgment, and precept issued thereon, before he can read his deed in evidence. (Haman v. Pope, 1 Gil. 131.)

*T. A. Sherwood*, for respondent.

I. It is competent for the legislature to change the rules of evidence and to prescribe what shall be the effect of documentary evidence in all future suits. A "tax deed," made by the collector under the provisions of the revenue law (Adj. Sess. Acts 1863–4, p. 89, § 22), is conclusive evidence that all the requirements of that act had been complied with. This court has held that it was competent for the legislature to make such deed *prima facie* evidence. (City of St. Louis, to use, etc., v. Oeters, 36 Mo. 463.) And if the legislature may change or interfere with the rules of evidence, it may control them. (Steadman v. Planters' Bank, 2 Eng., Ark., 427; Allen v. Armstrong, 16 Iowa, 508.)

II. The act referred to is not obnoxious on the ground of its depriving an owner of his property without due process of law. (Pillow v. Roberts, 13 How. 472; Gwynne v. Neiswarger, 18 Ohio, 400.)

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment upon a tax title.   On the trial, the plaintiff offered in evidence the collector's deed, executed to him under the provisions of the statute of 1864 (Adj. Sess. Acts 1863–4, p. 89, §§ 21, 22), which provided that the deed should "vest in the grantee, his heirs and assigns, the title to the real estate therein described," and should be "held and received, in all courts and places where the title to the real estate thereby conveyed is involved, as *conclusive evidence* that each and every act and thing required to be done by the provisions of this act had been complied with; and the party offering such deed in evidence shall not be required to produce the judgment, precept, nor any other matter or thing, as evidence to sustain such conveyance and the title thereby acquired: *Provided, however*, that the party controverting such deed, and the title thereby conveyed, may, for the purpose of invalidating or defending the same, show either one of the following facts, only: 1st, that the land conveyed by such deed was not subject to taxation at the time of the assessment thereof, under which assessment such sale was made; 2d, that the taxes due thereon had been paid, according to law, before the sale; 3d, that such land had been duly redeemed, according to law, before the execution of such deed." The deed was read in evidence, and the plaintiff rested his case thereon.

For the purpose of invalidating this deed, the defendant offered, and the court refused to admit, evidence tending to prove: 1st, that the land had not been duly assessed for the year 1863 at the time and in the manner required by law; 2d, that the land was not assessed in the name of the real owner or any former owner, or any tenant or occupant of said land; 3d, that all the land in the county had not been assessed, but much of it omitted from the assessment of that year; 4th, that the tax book was not made out nor delivered to the collector in the manner or at the time prescribed by law; 5th, that the collector did not proceed with the collection of such tax book, nor give notice of the time and place where he would receive the taxes assessed for said year, as required by law; 6th, that the delinquent list was not made out and returned

by the collector at the time or in the manner prescribed by law; 7th, that the collector did not give, nor was the judgment rendered upon, proper notice of his application for judgment against said land for the taxes and costs due thereon; 8th, that no precept for the sale of said land had been issued by the clerk; 9th, that the land was not sold at the court-house door, nor in the smallest subdivisions into which it could be divided, but was sold in gross.

All this evidence was excluded, for the reason that the tax deed was held to be conclusive evidence that everything had been done which the law required, except the three things above specified by way of exception in the act itself. An instruction was given for the plaintiff to the same effect. Instructions of a contrary tenor were refused for the defendant, and (among the rest) one to this effect: That the act aforesaid, so far as it attempts to make the tax deed conclusive evidence, as therein recited, operated to deprive the citizen of his property without due process of law, and to take private property for public use without just compensation.

There can be no doubt that the State has a sovereign power of taxation over all the property in the State which is not exempted from State taxation by the laws of the United States, and it has power to enforce the collection of taxes, assessed and levied according to law, by a sale of the property. Property sold for taxes, in the valid exercise of this power, cannot be said to be taken from the owner *without due process of law*. But the legislature, in the exercise of this power, cannot enact a law which shall have the effect simply to take the property of A. and give it to B. There are certain essential requisites of the power which are indispensable, in order to divest the title of the owner and transfer it to another. In minor matters, regarding the mode and manner of exercising the power, there is no doubt that the legislature may alter the rules of evidence, or declare what effect certain facts or documents shall have when produced in evidence; but in the nature of things there must be a limit to this right. There is abundant authority to the effect that the legislature may make the deed of a public officer *prima facie* evidence of title, but they cannot make it *conclusive evidence* as to matters which are vitally essential to any valid exercise whatever of the taxing power.

In Allen v. Armstrong, 16 Iowa, 508, Dillon, J., lays down the rule, in terms to which we see no sound objections, thus: "We state the principle, which must be legally and logically true, in this wise: If any given step or matter in the exercise of the power to tax (as, for example, the fact of a levy by the proper authority) is so indispensable that without its performance no tax can be raised, then that step or matter, whatever it may be, cannot be dispensed with, and, with respect to that, the owner can not be excluded from showing the truth by a mere legislative declaration to that effect."

Applying this rule, we are of the opinion that evidence was admissible for the purpose of showing that the land had not been assessed for the year 1863 in the name of the real owner or of any former owner, or of any tenant or occupant of said land. It is the owner who is taxed, and not the land. He is taxed in respect to his title or ownership in the land, and taxation is to be in proportion to the value of the property. It is the owner who is to pay the tax, and it is his title or interest in the land which is to be transferred by a sale, if any title can pass.

A deed conveying the title under proceedings against a person who had no title or interest whatever in the land, and was in no manner the representative of the owner, if any title could pass, would have the effect to take the property of one man, without due process of law against him, and give it to another. An examination of the second article of this same act (§ 7–29) will show that the act itself recognizes the necessity that the assessment and other proceedings under the law shall be directed against the owner of the property. The land is "in all cases to be assessed to the person appearing to be the owner at the time of the assessment" (§ 10); and when "the name of the owner or claimant cannot be ascertained, such lands shall be taxed by the numbers, and·in the name of the original owner," and shall "be sold and conveyed by their numbers, and in the name of the original owner, without reference to the present owners or claimants." (§ 29.) It is unnecessary for us to say further here, what might be the effect of this last clause in any case; but we may go so far as to declare now that an assessment in the name of a person who

neither was nor ever had been the owner of the property would be an utterly void assessment. (Whitney v. Thomas, 23 N. Y. 281.)

The assessors have no jurisdiction to assess property otherwise than as the statute prescribes; and a void assessment (which is equivalent to no assessment at all) against the owner cannot be made the foundation of a sale and conveyance of his land, even by legislative enactment. A valid assessment is an essential prerequisite to the lawful exercise of the power of taxation. It is a necessary condition of an effectual transfer of the title.

We are of the opinion, further, that evidence was admissible to show that the judgment against this land had been rendered without notice to the owner thereof. The statute requires such notice. Without notice to the owner, or unless he were brought before the court in some manner, there could be no lawful jurisdiction over him, and a judgment so rendered would not be *per legem terræ*.

With regard to the other matters of evidence above enumerated, we are inclined to think they were not essential pre-requisites to the lawful taxing power in the State, and that the act cannot be declared unconstitutional, for the reason that it makes the deed conclusive evidence that all those things had been rightly done. They were matters of form which might be taken against him by default.

It is a rule that an act of the legislature will not be declared unconstitutional and void unless the matter be clear and certain beyond reasonable doubt. The clause which provides that the tax deed " shall vest in the grantee, his heirs and assigns, the title to the real estate therein described," may be understood as declaring what shall be the effect of the instrument, when it has any effect at all. Such provisions are to be construed strictly. A statute which made the deed " conclusive evidence that the sale was regular, according to the provisions of this act," and declared that it should vest an absolute fee simple, has been confined in its operation to the sale only. (Scott v. Y. M. Society, 1 Doug., Mich., 121; Doughty v. Hope, 3 Denio, 595; Beekman v. Bingham, 1 Seld. 366; Blackw. Tax Tit. 83.) But this act (§ 22) makes the deed conclusive evidence " that each and every act and thing required to be done by the provisions of this act had been com-

plied with." It precludes any evidence whatever for the purpose of invalidating the deed, except in respect to the three matters mentioned and excepted. These three things are not the only essential conditions of a valid and lawful exercise of the power of taxation.

We think it may be safely said that a valid assessment of the property to the true owner, and notice of the judgment to be rendered against him, are indispensable, in order that the transfer of his title to another may be effectual *per legem terræ*. In these respects, and so far, we hold the act to be unconstitutional. (Curry v. Hinman, 11 Ill. 428 ; Blackw. on Tax Tit. 81.)

Judgment reversed and the cause remanded. The other judges concur.