SIDWELL v. BIRNEY *et al., Appellants.*

1. **A Certificate of Acknowledgment** of a deed ran thus: "State of Missouri, Schuyler county, ss. ; Be it remembered that before the undersigned, circuit clerk, comes L. H. C.," &c.; *Held,* that it sufficiently appeared that the certificate was granted by the clerk of the circuit court of Schuyler county.

2. **Collector's Settlement**: LIEN OF CLERK'S CERTIFICATE OF DELINQUENCY. An abstract of a settlement of a delinquent collector with

the county court was filed with the clerk of the circuit court attested thus: "Witness my hand this 17th day of August, 1863. J. O. Jewett, county clerk Schuyler county, Missouri." The statute provided that when such a settlement was filed with the clerk of the circuit court, certified by the clerk of the county court under his hand *and seal of office*, it should operate a lien upon the real estate of the collector, and could be carried into effect in the same manner and with like effect as a judgment of the circuit court; *Held*, that the statute should be strictly construed, and as the certificate in question lacked the seal of the county court, it conferred no lien, and no execution could issue on it.

*Appeal from Schuyler Circuit Court.*—HON. J. W. HENRY, Judge.

*Higbee & Shelton* for appellants.

*D. Reddington* for respondent.

HOUGH, J.—This was an action of ejectment for certain lands in Schuyler county. Both parties claim title through Lyttleton H. Conklin. On December 24th, 1860, said Conklin, who was collector of Schuyler county, made a settlement with the county court, from which it appeared that he was indebted to the county in a large amount for county revenue collected by him. The county court, at its August term, 1863, directed its clerk to certify to the clerk of the circuit court of the county an abstract of such settlement. On the 17th day of August, 1863, an abstract of said settlement was filed with the circuit clerk, attested as follows: " Witness my hand this 17th day of August, 1863. J. O. Jewett, county clerk Schuyler county, Missouri." On the 10th day of October, 1863, Conklin conveyed to the plaintiff the land in controversy. A portion of the certificate of acknowledgment of this conveyance is as follows: "State of Missouri, Schuyler county, ss: Be it remembered that before the undersigned, circuit clerk, comes Lyttleton H. Conklin," &c. On the 15th day of April, 1865, a writ of *fi. fa.* issued from the office of the circuit clerk upon said abstract of settlement, against said

Conklin, and on the 12th day of October, 1865, the land in controversy was sold thereunder to one Welsh, who conveyed to the defendant. The plaintiff recovered judg-ment for one-half of the land sued for, and the defendant has appealed. The plaintiff, also, in his brief, complains of various rulings made by the circuit court, but as he has not appealed, no opinion will be expressed as to such rulings. But two questions of importance are presented by the record for decision. First, The sufficiency of the acknowledgment of the deed from Conklin to the plaintiff; Second, Whether the abstract of settlement transmitted by the county clerk to the circuit clerk was sufficient under the statute to create a lien on the land in controversy.

The objection to the acknowledgment is, that it does. not appear to have been taken before any officer known 1 A CERTIFICATE to the laws of this State; and that it does. OF ACKNOWLEDG-MENT. not appear of what county the officer making the certificate was circuit clerk. "Circuit clerk" is the title by which the clerk of the circuit court is ordinarily designated both by lawyers and laymen, and while, as an official designation, it is not rigorously exact, yet being in common use and reasonably certain, we are of opinion that it sufficiently identifies the officer taking the acknowledgment as the clerk of the circuit court. We are also of opinion that it sufficiently appears from the face of the certificate that the person taking the certificate was circuit clerk of Schuyler county. The venue of the certificate is. "State of Missouri, Schuyler county." This shows that the certificate was granted in Schuyler county, and the presumption is that the officer exercised his functions within his jurisdiction. *People v. Snyder*, 41 N. Y. 397; *Carpenter v. Dexter*, 8 Wall. 513. Had the original deed been used in evidence, the seal affixed would undoubtedly have identified the officer. The objection made was founded upon a certified copy, the *locus sigilli* being occupied by a scroll.

In relation to the abstract of settlement, the statute provides, that whenever the county court shall so order, it.

2. COLLECTOR'S SETTLEMENT: lien of clerk's certificate of delinquency. shall be the duty of the clerk of that court to make out and deliver an abstract, certified to under his hand and seal of office, of any settlement made with the collector, to the clerk of the circuit court, who shall, forthwith, file and record the same in his office, noting the time of filing the same. The statute further provides that every such abstract, from the time of the filing of the same, shall have the same lien on the real estate of such delinquent in the county, as a judgment of the court of the county in which the same shal be filed, and shall be equally under the control of such court, and may be revived by *scire facias*, and carried into execution in the same manner and with like effect as the judgment of such court; and executions issued thereon may be directed to and executed in any county in this State. Rev. Stat. 1855, §§ 7, 8, p. 524. The abstract of settlement filed with the clerk of the circuit court, and on which the execution issued against Conklin, was not certified to under the hand of the county clerk and his seal of office, and could not, therefore, under the statute, have the force and effect of a judgment, or create any lien upon the land in dispute. The settlement of the county court with the collector has neither the dignity nor force of a judgment. *The State to use of Carroll County v. Roberts*, 60 Mo. 402; *The State to use of Bates County v. Smith*, 65 Mo. 464. In order that a mere accounting between principal and agent shall acquire the character of a judgment, it is but reasonable to hold that all the requirements of the statute which works this transformation, shall be strictly complied with. The clerk of the circuit court has no more authority to file an abstract of settlement which has not been properly certified to him, than a recorder of deeds has to file and record a deed when the certificate of acknowledgment given by a county clerk is not, and does not purport to be attested by the seal of office of such clerk. Under our statute a transcript of a judgment obtained in one county may be filed in the office of the clerk of the circuit court of

Sidwell v. Birney.

any other county, and from the date of the filing thereof such judgment will be a lien on all the real estate of the judgment debtor in the county where such transcript is filed. But such ·transcript could certainly have no such effect unless it were certified under the hand and seal of office of the clerk transmitting the same. Nor would the transcript of a foreign judgment be of any force or effect in this State unless verified by the attestation of the clerk and the seal of the court annexed. The cases cited by counsel to show that a writ issued without the seal of the court attached, is not a nullity and is amendable, are not applicable. There is no analogy between the testing of process issued for the purpose of bringing a party into court in order to obtain a judgment against him, and the attestation of the transcripts of the records. Regarding the transcript in the light of a record of the circuit court, it is clear that such court could not compel the clerk of the county court to affix his seal. And if the county clerk, acting under the directions of the circuit court, should affix his seal to the transcript on file, such act would not relate to the filing of the transcript, and the transcript so sealed would have to be again recorded. The abstract of settlement not having been properly certified to the circuit clerk, did not become a judgment of the circuit court, and the execution issued thereon was, therefore, a nullity. It follows that the judgment of the circuit court must be affirmed. All concur except HENRY, J., not sitting.

AFFIRMED.