76  263
134  295

## RALEY, *Appellant*, v. GUINN.

1. **Tax Deeds**: THEIR CONCLUSIVENESS. The Revenue Act of 1872 made tax deeds conclusive evidence that everything had been done, the omission of which would have been nothing more than an irregularity in procedure, and *prima facie* evidence of everything else. Wag. Stat., p. 1199, § 193 ; p. 1206, § 219; p. 1212, § 241.

2. ————: JUDGMENT OF COUNTY COURT : ITS CONCLUSIVENESS : PROOF OF PUBLICATION. Where a judgment of the county court upon the delinquent tax list expressly avers that the collector has given due notice, a tax deed founded upon the judgment cannot be attacked by showing that the printer failed to affix to the copy of the newspaper containing the list, which, in compliance with the statute, was filed in court at the time the judgment was rendered, his certificate under oath showing the due publication thereof.

    But per NORTON and RAY, JJ., dissenting : Without the printer's certificate the county court had no jurisdiction to enter judgment, and the judgment is void.

3. ———— : ———— : OMISSION OF DOLLAR-MARK. Where the published delinquent list in a column entitled "Tax, interest and cost" contained the figures "5,68" opposite the description of the land, but no dollar character, or other thing to indicate the meaning of the figures ; *Held*, that this would not invalidate the tax deed ; especially in a case where the judgment recited that due notice of the proceeding had been given before judgment.

4. ———— : COUNTY LEVY : DUTY OF COURT AS TO ENTERING AMOUNT ON RECORD. The act did not require the county court, before levying a

county tax to ascertain and enter of record the sum necessary for county purposes; but if it had, failure of the court to have the entry made would not invalidate a tax deed.

5. ———: COUNTY COURT JUDGMENT: PRESIDING JUSTICE'S SIGNATURE. The fact that the presiding justice of the county court adds to his signature to the judgment upon the delinquent list, the word "President" instead of his proper official designation, will not invalidate the deed.

6. ———: OFFER TO PAY TAXES BEFORE SALE. A tax deed cannot be defeated by showing that before the advertisement or sale of the land the owner went to the collector's office to pay the taxes and was there told there were none against it.

*Appeal from Schuyler Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*James Raley* for appellant.

1. There was a judgment rendered by the county court for the amount of taxes found due, and this judgment recites that due notice had been given, and by the positive declarations of the statute, (2 Wag. Stat., p. 1199, § 193,) this judgment "has the same force and effect as judgments of the circuit courts and other inferior courts of this State." Such judgments are conclusive and can't be attacked collaterally. Cooley on Taxation, 323, 362; Freeman on Judg., §§ 135, 126; 92 Ill. 619; *Wilkins v. Huse,* 9 Ohio 160; Hilliard on Taxation, 461; Burrows on Taxation, 286; *Eitel v. Foote,* 39 Cal. 439; *Jones v. Gillis,* 45 Cal. 541; *State v. Steamship Co.,* 13 La. Ann. 497; *Daily v. Newman,* 14 La. Ann. 580; *Dunham v. Wilfong,* 69 Mo. 358; *Mayo v. Foley,* 40 Cal. 281; *Reeve v. Kennedy,* 43 Cal. 643; 44 Cal. 623; *Anderson v. Rider,* 46 Cal. 134; *Vassault v. Austin,* 36 Cal. 691; *Mayo v. Ah Loy,* 32 Cal. 477; *Seegee v. Thomas,* 3 Blatch. 11; *Lincoln v. Tower,* 2 McLean 473; *Johnson v. Beazley,* 65 Mo. 250; *Murray v. Purdy,* 66 Mo. 606; *Sims v. Gray,* 66 Mo. 616; *Long v. Joplin Mining Co.,* 68 Mo. 433; *Salisbury v. Sands,* 2 Dill. C. C. 271; *Isaacs*

*v. Price,* 2 Dill. C. C. 351; Freeman on Judg., § 334; Cooley Const. Lim., (4 Ed.) 401, note 4; *Warren v. Lusk,* 16 Mo. 102; *Baker v. Stonebraker,* 34 Mo. 176; *Latrielle v. Dorleque,* 35 Mo. 233; *Lenox v. Clarke,* 52 Mo. 116; *Freeman v. Thompson,* 53 Mo. 183; *Rumfelt v. O'Brien,* 57 Mo. 570; *Fahs v. Darling,* 82 Ill. 142, 145; 27 Ala. 391, 663; *Kane v. McCown,* 55 Mo. 181, 200; *Brawley v. Ranney,* 67 Mo. 283; *Boswell v. Sharp,* 15 Ohio 466, 467; *Bonsall v. Isett,* 14 Iowa 309; *Allen v. Armstrong,* 16 Iowa 508; *Pursley v. Hayes,* 22 Iowa 11; 24 Iowa 217; *Shea v. Quintin,* 30 Iowa 59; *Lyon v. Vanatta,* 35 Iowa 525; *Darrah v. Watson,* 36 Iowa 116; *Grignon v. Astor,* 2 How. 319; *Armstrong v. Grant,* 7 Kas. 285; *Sheldon v. Wright,* 5 N. Y. 497; *Tebbetts v. Tilton,* 31 N. H. 273; *Sharp v. Lumley,* 34 Cal. 611; *Callen v. Ellison,* 13 Ohio St. 446; *Voorhies v. U. S. Bank,* 10 Peters 449; *Cooper v. Reynolds,* 10 Wall. 309; 67 Ill. 563; 83 Ill. 529; *Scott v. Pleasants,* 21 Ark. 364; *Cadmus v. Jackson,* 52 Pa. St. 295; *Gaylord v. Scarff,* 6 Iowa 179, 185; *Wallace v. Brown,* 22 Ark. 118; *Greenabaum v. Elliott,* 60 Mo. 30; *Wellshear v. Kelley,* 69 Mo. 344.

2. The judgment is for dollars and cents, and it cannot be invalidated by any omission of these marks in any of the prior lists, such as the assessment or advertisement. *Chickering v. Faile,* 38 Ill. 344; 46 Ill. 203; Burrows on Taxation, 231; *Jones v. Gillis,* 45 Cal. 541; *State v. Eureka Co.,* 8 Nev. 22; *Cahoon v. Coe,* 52 N. H. 518, 525.

3. The statute provides that no irregularity in any of the proceedings shall invalidate the sale and title. Wag. Stat., p. 1212, § 241. An excessive levy is only an irregularity. *Smith v. Leavenworth,* 9 Kas. 301; 79 Ill. 597, 601, 605; 83 Ill. 473. So is an assessment of several tracts together. 4 Wat & Serg. 271; *Russell v. Werntz,* 24 Pa. St. 346; *Laird v. Hiester,* 24 Pa. St. 452; *Mayo v. Foley,* 40 Cal. 281; *Eitel v. Foote,* 39 Cal. 439; 46 Cal. 137; *Moulton v. Doran,* 10 Minn. 67; Burrows on Taxation, 302. Where several lots are used and occupied as one tract it is proper to assess and sell them in a body. 39 Iowa 294;

42 Iowa 85; Cooley on Taxation, 342, note 1. Where the court ordered publication in the Georgia Journal, but the law required notice to be posted in public places in the county, it is only an irregularity. *Peterman v. Watkins*, 19 Ga. 153. So is a judgment by confession without the affidavit required by law. *Dean v. Thatcher*, 32 N. J. L, 470; and omission of owner's name, 11 C. L. J., No. 26, p. 19, Addendum; or omission of the judge or clerk to sign the judgment. Freeman on Judg., § 40, note 5; *Osburn v. State*, 7 Ohio 214. So is improper subdivision into lots, contrary to law. 79 Ill. 597, 601, 605; 83 Ill. 493. So is selling a number of separate lots in a body when the statute directs them sold separately. *Cunningham v. Cassidy*, 17 N. Y. 276; *Rector v. Hartt*, 8 Mo. 448; *Kelly v. Hurt*, 61 Mo. 468. So if the defendant is not served the number of days required by law. *Sims v. Gray*, 66 Mo. 616; 66 Mo. 606; 65 Mo. 250; 68 Mo. 433; Freeman on Judg., § 126; *Darrah v. Watson*, 36 Iowa 116; *Helphenstine v. Bank*, 7 C. L. J. 27; *Allen v. Armstrong*, 16 Iowa 508. So is the rendition of judgment on the very day a summons is served. *Armstrong v. Grant*, 7 Kas. 285. So is a biennial assessment where the statute requires an annual assessment. *State ex rel. v. Powers*, 68 Mo. 327. Every substantial right is secured to a defendant by allowing him to show only three things to defeat a sale of his land for taxes; all others are only irregularities. *De Treville v. Smalls*, 98 U. S. 517; *Callanan v. Hurley*, 93 U. S. 387, 390. A notice of sale is required by law, but if no notice is given it is an irregularity only. "Returning periods of sale are fixed by law, and owners are, therefore, apprised by the law itself that their lands will be sold at the regular period if the taxes are not paid." *Thompson v. Brackenridge*, 14 S. & R. 346; *Allen v. Armstrong*, 16 Iowa 508; *Philadelphia v. Miller*, 49 Pa. St. 455; *Smith v. Cleveland*, 17 Wis. 556, 589; *De Treville v. Smalls*, 98 U. S. 517.

Failure of the printer to attach his affidavit to a copy of the paper filed in the county court, is no concern of the

tax-payer. It is for the information of the court and the security of the public. Cooley or Taxation, 219, 220. Because the affidavit was not attached at the time of the trial it does not follow that it never was attached. *Salisbury v. Sands*, 2 Dill. C. C. 277; *Freeman v. Thompson*, 53 Mo. 190; *Rumfelt v. O'Brien*, 57 Mo. 572; *Jones v. Manly*, 58 Mo. 564; *Long v. Joplin Mining Co.*, 68 Mo. 433. It would be difficult to find a directory provision if this is not one, and so also it would be difficult to find a more trifling irregularity. *Dean v. Thatcher*, 32 N. J. L. 470.

*Higbee & Shelton* for respondent.

The court properly admitted the collector's notice in evidence. It was part of the record. *Brown v. Langlois*, 70 Mo. 227. The judgment is *ex parte*, rendered by a court of limited jurisdiction, and may be impeached collaterally. *Spurlock v. Allen*, 49 Mo. 180; *Abbott v. Doling*, 49 Mo. 304; *Lagroue v. Rains*, 48 Mo. 536; *Abbott v. Lindenbower*, 42 Mo. 162; *Wellshear v. Kelly*, 69 Mo. 353. The deed is not conclusive. Section 219, page 1206, Wagner's Statutes, does not differ from section 112, page 127, General Statutes 1865. It must be presumed that in re-enacting the latter, the above cases were as much considered part of said section as if embodied in it. *Lucas Bank v. King*, 73 Mo. 591. If the deed were conclusive, the tax proceeding would be confiscation. Cooley Const. Lims., *368, 369, note 2. Section 219 should be read in connection with section 241. The curative powers of the deed are limited to "mere irregularities." The levy was bad because the county court did not ascertain and enter on the record the sum necessary to be raised for county purposes as required by the statute. Wag. Stat., p. 1193, § 166; Cooley on Tax., 295; *Clark v. Crane*, 5 Mich. 154; *Hoyt v. East Saginaw*, 19 Mich. 39; *s. c.*, 2 Am. Rep. 76; *Scofield v. Lansing*, 17 Mich. 437. The execution of the deed, a mere ministerial act, cannot deprive the owner of his title. *Groesbeck*

*v. Seeley*, 13 Mich. 343; *Mason v. Roe*, 5 Blackf. 98; *Doe v. McQuilkin*, 8 Blackf. 335; Cooley on Tax., 215, n. 2; 216, 217, note 2; *Pound v. Supervisors*, 43 Wis. 63; *s. c.*, 6 Cent. L. J. 18. The assessment is jurisdictional; the omission of the statutory affidavit is fatal. *Marsh v. Supervisors*, 42 Wis. 502; 5 Cent. L. J. 509. The omission of any word or sign to indicate the meaning of the figures, 5,68, is fatal. *Woods v. Freeman*, 1 Wall. 398; *Baily v. Doolittle*, 24 Ill. 577; *Braly v. Seaman*, 30 Cal. 610; *People v. Savings Union*, 31 Cal. 132; *Cook v. Norton*, 43 Ill. 391; *Randolph v. Metcalf*, 6 Coldw. 400; *Tidd v. Rines*, 26 Minn. 201; *s. c.* 9 Cent. L. J. 338.

HENRY, J.—This is an action of ejectment to recover possession of the southwest quarter of the northwest quarter of section 31, township 67, range 15, in Schuyler county. Plaintiff claims under a tax deed executed by the collector of said county, on the 17th day of February, 1877, on a sale which occurred the 6th day of October, 1874. The petition is in the ordinary form, and the answer a general denial. From a judgment in favor of the defendant, plaintiff has appealed.

The principal grounds relied upon to defeat the recovery are: 1st, That the printer did not attach his affidavit to a copy of the newspaper filed in the county court containing the list of lands delinquent for taxes. 2nd, That the amount of the taxes due on the land, was not specified in said list, but instead thereof, opposite the description of the land, in a separate column, were the figures, " 5,68," without any dollar character, or anything else to indicate the meaning of the figures. 3rd, That the county court, before levying the tax, did not ascertain and enter of record, the sum necessary to be raised for county purposes. 4th, That the judgment of the county court, enforcing the lien for the taxes, was signed by " W. B. Newman, President," instead of " W. B. Newman, Presiding Justice of the County Court of Schuele County."

·Numerous other questions are discussed by counsel in their brief, which' it is not deemed necessary to notice particularly, inasmuch as the application of the principles which will control on the points above named, will determine that also.

By section 219, Wagner's Statutes, 1206, the collector's deed is made *prima facie* evidence, that each and every act and thing required to be done by the provisions of the act has been complied with ; and the party offering such deed in evidence shall not be required to produce the judgment, precept, nor any matter or thing, as evidence to sustain such conveyance and the title thereby conveyed, with a proviso : " That the party controverting such deed and the title thereby conveyed may, for the purpose of invalidating or defending the same, show either one of the following facts : 1st, That the land conveyed by such deed was not subject to taxation at the time of the assessment thereof, under which assessment the sale was made. 2nd, That the taxes due thereon had been paid, according to law, before the sale. 3rd, That such land had been duly redeemed, according to law, or that tender of the redemption money had been made before the execution of the deed."

Section 112 of the act of 1865 was the same, except that it made the deed conclusive evidence of the facts, of which it is made *prima facie* evidence by section 219, *supra*.

In *Abbott v. Lindenbower*, 42 Mo. 162, and in the same case in 46 Mo. 291, it was held that section 112, *supra*, was 1. TAX DEEDS: their unconstitutional. Section 219 was evidently conclusiveness. intended to avoid the constitutional objection, by declaring that the deed should be *prima facie*, instead of conclusive, evidence that all things required to be done by the provisions of the revenue law, had been complied with ; but it is contended that the proviso entirely nullifies the preceding clause—that while the deed is declared to be *prima facie* evidence that everything required had been done, the proviso, if operative, forbids evidence.

of any omission, and restricts the party controverting the deed, to evidence of the facts mentioned in the proviso.

We do not so construe the section. It declares that the deed shall be *prima facie* evidence that whatever was required by the law had been done, and relieves the party introducing the deed from the duty of proving the judgment, precept or any other matter or thing to sustain such conveyance. And when such *prima facie* evidence is not rebutted by proof that some one or more of the acts or things to be done, which are essential to the validity of the deed, were omitted, no other fact shall be shown, except one of the three mentioned in the proviso. Some of the acts to be done, of which the deed is made *prima facie* evidence, are not essential to its validity and such omissions are cured by section 241, page 1212, Wagner's Statutes, which provides that: "No irregularity in the assessment roll, nor omission from the same, nor mere irregularity of any kind in any proceedings, shall invalidate any such proceedings, or the title conveyed by the tax deed." This, in connection with section 219, makes the deed conclusive evidence that all things which are not essential to the validity of the deed were done. Nor are the sections in this respect violative of the constitution. They merely provide for the application of the principles which obtain in relation to judgments and proceedings of superior courts to those of the county courts in tax cases. Section 193, page 1199, was enacted in furtherance of the same object. It is as follows: The judgments of county courts, in these cases, "shall have the same force and effect as judgments, and decrees, and orders of sale, made by circuit courts, or other superior courts of this State;" and the next succeeding section gives the party aggrieved an appeal to the circuit court.

The substance of the decision in *Abbott v. Lindebower*, is that the legislature cannot make a tax deed conclusive evidence as to such matters as are essential to a valid exercise of the taxing power. As to mere formal matters, the

court there held that the deed may be made conclusive. It certainly is competent for the legislature to provide that the failure of any officer to do anything required by the revenue law, which might have been omitted from that law in the first instance, without invalidating a tax levied under it, shall not defeat the title conveyed by a tax deed. Cooley Const. Lim., 371; *Town of Fox v. Town of Kendall*, 97 Ill. 76. It is, as if in the section prescribing the duty, it were declared that the omission of the duty by the officer should not invalidate any prior or subsequent proceeding.

The first point made by defendant's counsel, is that the judgment is a nullity, because the printer failed to at-tach to a copy of the paper his certificate, under oath, of the due publication of the delinquent list, for the time required by law. This the statute (§ 185) requires, and also that he shall deliver it to the collector, who, at the time judgment is prayed, is required to file it as a part of the record of the court. The certificate is no part of the notice, or the advertisement of the notice. It is not published with the delinquent list, nor is its publication required by the law. The printer is required to make it, in order to preserve the evidence of the due publication of the delinquent list. Section 185 requiring this affidavit, does not say what force and effect it shall have, or what office it shall perform. But section 7, Wagner's Statutes, 125, provides that: "When any notice or advertisement shall be required by law, or the order of any court, to be published in any newspaper * * the affidavit of the printer or publisher, with a copy of such advertisement annexed, stating the numbers and date of the papers in which the same was published, shall be sufficient evidence of the publication." This affidavit is sufficient but not the only evidence. The statute does not exclude any other mode of proof of the facts of which the printer's affidavit is declared sufficient evidence.

The county court of Schuyler county by its judgment

found, and it is expressly recited therein, that the collector had given due notice, and that recital is no more open to controversy than where it occurs in a judgment of the circuit court. By the express terms of the statute, the judgment of the county court has the same force and effect as one rendered by the circuit court, and that a judgment of the latter reciting "that defendant was duly served with process," cannot be collaterally assailed, is too well settled to require any citation of authorities to support the proposition. *Voorhees v. The Bank of the United States*, 10 Peters 449, a leading case on the subject, has been followed in this, and in most, if not all, the states of the Union.

It is also worthy of remark that the statute of 1865 required the collector to make the affidavit, while, by the act in question, that duty is imposed upon the publisher or printer; and it might with some plausibility have been contended, under the former act, that the certificate constituted the officer's return; but not so under the act of 1872.

On what evidence the county court found the fact, as recited in the judgment, is not open to inquiry, unless the recital is contradicted by the record itself; but that no copy of the paper was shown with said certificate, or that one was shown which had not the certificate attached, and which the defendant alleges, and proves, for that matter, to have been the one upon which the court acted, is not sufficient to show that due notice was not given, since that fact may have been otherwise satisfactorily proved. It was not competent, except by the record itself, to show that the recital was untrue.

With respect to the omission of the dollar character from the column headed "Tax, interest and cost," a similar question was directly passed upon by the supreme court of New Hampshire in *Cahoon v. Coe*, 52 N. H. 523, in which was involved the validity of a sale of lands for taxes under a law which, it appears, gave the collector power to sell without any judgment,

omission of dollar-mark.

requiring him, however, to advertise the property for sale and to state in the advertisement the amount of taxes due. In the advertisement the tax was stated to be "300," the warrant "100," and the total "400," and the court held it sufficient, observing that, " the figures may be understood to signify cents, the lowest denomination of our currency in common use." In the case at bar, there was a comma separating the figures, as follows : " 5,68," and they were placed in the column at the head of which were the words, " Tax, interest and cost," and no one could have been in doubt as to the import of the figures, although the dollar character was omitted ; and certainly such an objection cannot prevail against a title acquired under a judgment reciting expressly that due notice of the proceeding had been given. *Jones v. Gillis*, 45 Cal. 541. The dollar character " $ " and the abbreviation "cts." were placed at the head of the first column of the tax list, as published, and were omitted from subsequent columns of the list, as appears from the bill of exceptions, and there can be no pretence that the owner of the land was not informed by that publication of the exact amount of taxes, interest and cost due on the land. The trial court instructed the jury that the omission of the dollar character was fatal to plaintiff's case. The other points were ruled in plaintiff's favor.

With respect to respondent's third point, supposing the proper construction of section 166 to be that the county

4. ——; county levy: duty of court as to entering amount on record.

court is required before levying the tax to ascertain and enter of record the sum necessary for county purposes, yet the omission to do so is but an irregularity, and cannot be held to invalidate the entire county levy, which would be the effect, if the position contended for by respondent be correct. If the revenue law would, without this requirement, have sustained a levy, then it is clear that the legislature may declare that the failure to comply with it shall not vitiate the levy or a sale of the land for taxes assessed under such law.

18—76

But, is the construction of section 166 contended for, the correct one? It provides that: "As soon as may be, after the assessor's book of each county shall be corrected and adjusted according to law, the county court shall ascertain the sum necessary to be raised for county purposes, and fix the rates of taxes on the several subjects of taxation, so as to raise the required sum, and the same to be entered in proper columns in the tax-book." What is to be entered in proper columns of the tax-book? The gross sum necessary for county purposes? Evidently such is not the meaning of the section. "The rates of taxes on the several subjects of taxation" are to be entered in proper columns in the tax-book. It may be prudent and proper to enter this gross sum, necessary for county purposes, upon the record, but surely it was not intended that it should be entered in each column of the tax-book, and there is no other column in any tax-book appropriated to that object. The word "same," in the section, refers to the "rates" and "subjects" of taxation only.

That the judgment was signed by Newman, "President," instead of "Presiding Justice," does not invalidate it. Section 193, Wagner's Statutes, 1199, provides that the judgment: "Shall be signed by the presiding justice," but if, in fact, the presiding justice, or, as in this case, the clerk for him, signed it, that is sufficient, whether he is so designated or not. Freeman on Judg., § 40, note 5; *Osburn v. State,* 7 Ohio 214. The records of the court show whether he is or not the presiding justice. But if it were required that he should indicate his official character, after the signature, the word "president" was sufficient. *Sidwell v. Birney,* 69 Mo. 144.

5. ——: county court judgment: presiding justice's signature.

An objection to the deed made by respondent's attorney in addition to the foregoing is, that before the advertisement or sale of the land, for delinquent taxes, the agent of the owner of the land went to the collector's office to pay the taxes assessed, and was in-

6. ——: offer to pay taxes before sale.

formed by the collector that there were none against it. There was no tender of the taxes, and if there had been, it may be observed that it was not the tender mentioned in the proviso to section 219, which is a tender of the redemption money after the sale for taxes. If misinformed by the collector the publication of the delinquent list, as required by law, gave him correct information on the subject. It is no answer to this to say, that he may not have seen, or did not see, the publication. The law conclusively presumes that he did, for all the purposes of that proceeding.

There is a manifest disposition on the part of courts, and it is not confined to inferior courts, to apply more stringent rules to the proceedings and judgments for the enforcement of taxes, than obtain in other cases; and this court has gone as far, in its rulings in favor of the taxpayer, whose land has been sold for delinquent taxes as is possible, without an utter disregard not only of well established principles of the common law, but of plain, unambiguous statutory provisions. The citizen who neglects or refuses to pay his taxes, has no right to expect a court to stultify itself by a judicial decision, in order to invalidate a sale of his land for taxes. The tax is the price he pays, or should cheerfully and promptly pay, for the protection which the government affords him for his life, liberty and property.

The judgment is reversed and the cause remanded. SHERWOOD, C. J., and HOUGH, J., concur. The other judges dissent.

NORTON, J—The reasons for my dissent to the foregoing opinion are as follows: Section 182, Wagner's Statutes, 1196, invests county courts with original jurisdiction in all suits commenced and prosecuted to enforce the lien for taxes due upon and charged against any real estate, and provides that a term of such courts shall be held on the third Monday in July annually for that purpose. Sec-

tions 183, 184, 185, 190 and 192 of the said statute provide the steps necessary to be taken, precedent to the exercise of the jurisdiction conferred by said section 182. Section 183 provides that if taxes assessed on or charged against any real property remain unpaid on the 1st day of June of each year, it shall be the duty of the collector to publish an advertisement in one issue of some newspaper published in his county if there be one    *    *    four weeks prior to the July term of the county courts, containing a list of all the delinquent lands and town lots upon which taxes remain due, the amount of taxes, etc., and shall give notice that he will apply to the county court at the July term thereof for judgment to enforce the lien of the State against such real property for said taxes and an order to sell the same. Section 184 provides the form of such notice. Section 185 provides that the whole of the advertisement shall be contained in one edition of such newspaper, or its supplement, if such supplement be necessary, and the printer, publisher or financial agent or officer of the newspaper publishing the list of delinquent lands and town lots shall transmit by mail or other safe conveyance to the collector 100 copies of the paper containing such list, to one of which copies he shall attach his certificate under oath of the due publication of the delinquent list for the time required by law, which copy shall be presented by the collector to the county court at the time judgment is prayed for and said paper filed as a part of the records of said court. Section 192 provides for the judgment and order of sale, and prescribes the form of judgment. Section 193 provides " that said judgment and order of sale shall be signed by the presiding justice of said court, and shall have the same force and effect as judgments, decrees and orders of sale made by circuit or other superior courts of this State."

In the case of *Spurlock v. Allen,* 49 Mo. 178, it was observed by Wagner, J., who delivered the opinion of the court, that "the requisite notice prescribed by law is the

jurisdictional foundation of the authority of the county court in entering up judgment against delinquent lands." In the case of *Abbott v. Lindenbower*, 42 Mo. 163, this court, speaking through Judge Holmes, said: "We are of opinion further that evidence is admissible to prove that the judgment against this land had been rendered without notice to the owner thereof. The statute requires such notice. Without notice to the owner or unless he were brought before the court in some manner, there could be no lawful jurisdiction over him, and a judgment so rendered would not be *per legem terrae*."

It will be observed that by section 185 one copy of the newspaper in which the notice has been published with the affidavit of the printer, publisher or agent of such paper attached thereto stating the due publication of the delinquent list for the time required by law, must be presented by the collector to the county court at the time he applies for judgment, which paper so filed shall become a part of the record. It appears in this case that such a newspaper was not filed, but that the only paper filed, according to the evidence of the county clerk, and the one upon which the county court acted, was a copy of a newspaper to which there was not attached the oath of the printer, publisher or agent as the law required, and in any view of the subject the county court had no more jurisdiction to render judgment on such a paper than a circuit court would have to render judgment on a summons which contained no return whatever of its service. It is a familiar rule needing no citation of authorities to establish it, that when a particular method is prescribed by the legislature for doing a particular thing, every other method of doing that thing is excluded, and that the act if done in any other than the prescribed way, has no validity and binds nobody. *Expressio unius exclusio alterius*.

It would not be pretended that if the collector had given the notice prescribed by section 185 in printed or written handbills instead of being published in a newspaper

published in the county, if one was so published and could be resorted to for that purpose, that would have authorized the county court to render judgment; nor could it be insisted that if the notice had only been published one week instead of four weeks before the July term of the court, such notice would confer jurisdiction on the county court to render judgment.   It is clear that under the statute the owner of lands delinquent for taxes is entitled to notice that his lands are to be subjected to judgment and sale. He is entitled to the notice which the law prescribes, and the county court, in exercising the jurisdiction which such notice confers, must be informed that it has been given as the law prescribes it shall be informed.   The proceedings which culminated in the sale of defendant's land were summary in their character, in this, that the law under which they were had provides that a citizen of a county against whom judgment for an ordinary debt for fifty cents could not be obtained except upon personal service of a summons, can be brought into court by constructive service of notice by one publication of it in a single issue of a newspaper published in the county, and upon such constructive service judgment rendered against him, and his land, perhaps his home, sold without further notice of sale than is contained in a notice of sale given before any judgment rendered to sell.

In the case before us the evidence establishes the fact that defendant did all in his power to pay his taxes; he went to the collector to pay them, and paid the amount which the collector informed him was due, and when the collector handed him his receipt he examined the same and finding that the forty acre tract sued for was not included in the receipt so told the collector, who replied that there was no tax assessed against the land and nothing due upon it.   This case illustrates the wisdom of a rule which has received the repeated sanction of this court, that statutes which inaugurate summary proceedings are to be strictly construed as against a party setting up a right under them

Giving force and application to that rule in this case, my opinion is that the judgment of the county court directing defendant's land to be sold, was not simply irregular, but void, for the reason that the record shows that it was rendered without the required statutory notice. In the views herein expressed Judge RAY concurs.