THE STATE EX REL. TILLERY, *Collector, Appellant,* v.
THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY.

1. **Taxation; BRIDGE: STATUTE.** Under Revised Statutes, section 6901, a railroad bridge constituting a part of the track and also used as a toll bridge is taxable as a bridge.

2. ———: ———: ———. If such bridge is only used as a part of the railroad track for the passage of trains of cars belonging to the company, or by others for other purposes for which no toll is charged, it is taxable only as a part of the road.

*Appeal from Lafayette Circuit Court.*—HON. JOHN P. STROTHER, Judge.

REVERSED.

The State ex rel. Tillery v. The Hann. & St. J. Ry. Co.

The petition in this case alleged the bridge in ques-tion to be a toll bridge.

*H. F. Simrall, J. M. Sandusky,* and *D. C. Allen* for appellant.

(1) The petition is sufficient and shows a complete cause of action. R. S., 1879, art. 9, chap. 145, sec. 688. (2) The value of the bridge as assessed was purely local and ought to have been and was apportioned to Clay and Jackson counties alone. (3) The bridge is a toll one within the meaning of the statute. R. S., sec. 6901. The term, "joint stock companies," must be intended for joint stock corporations, for the former, as meant in the English law, have no existence in Missouri. (4) The petition does not on its face show a double assessment of the bridge, although it might well do so.

*G. W. Easley* for respondent.

(1) The theory of the revenue laws of the state is that taxation of railroads shall be made by valuing the road as a unit and then proportioning such value to the various municipalities through which it passes in proportion to the length of main line in the subdivisions. R. S., chap. 145, art. 8; State Railroad Tax Cases, 92 U. S. 608; *State v. Severance,* 55 Mo. 388; *Indianopolis v. Kilner,* 69 Ind. 71. (2) The bridge cannot be assessed under article 9, chapter 145, Revised Statutes, as a toll bridge. It is not owned by a joint stock company. *Attorney General v. Insurance Co.,* 122 Mass. 524. Article 9, *supra,* does not provide for the assessment of a. part interest or value of a bridge. A structure sustaining a railway across a river, but impassable by men and horses, is a bridge. 1 Abbot's Law Dic. 166; *Proprietors v. Hoboken Land Co.,* 13 N. J. 503 ; *Bridge, etc., v. Hoboken Land Co.,* 1 Wall. 147. (3) If there is any

taxable interest that can be separated from the remainder of the interest in the bridge on account of its being a toll bridge, then it must be assessed by the local assessors under section 6876, and not by the state board of equalization. It would take restrictive words limiting the powers of the state board of equalization, under article 8, to make a bridge owned by a railway company assessable in any other manner than provided in that article. *Union Pac. Ry. Co. v. Pottawatomie Co.*, 4 Dillon, 497.

*Strong & Mosman* also for respondent.

(1) Defendant's bridge falls directly within and its value can only be assessed, adjusted, and equalized in accordance with sections 6866 and 6871, and the taxable value thereof apportioned in accordance with the provisions of section 6873. (2) Under said sections the state board had no power to isolate the defendant's bridge and constitute it an independent property distinct from the defendant's road bed for the purposes of taxation. (3) The fact that the bridge costs far in excess of any portion of the track of equal length will not justify such separation. *Franklin Co. v. Railroad*, 12 Lea (Tenn.) 521 ; *Dubuque v. Railroad*, 47 Iowa, 202. (4) The supposed fact that the bridge has a greater revenue-producing capacity than another portion of the track does not justify such separation. (5) The revenue-producing capacity of the bridge is not due to the fact of its locality, and hence such separation cannot be justified on that ground. (6) Such separation is contrary to the spirit and the letter of the article on the assessment and taxation of railroads. *Union Pac. Railroad v. Cheyenne*, 113 U. S. 516; *Railroad v. Lafayette*, 22 Ind. 262 ; *Dubuque v. Railroad*, 47 Ia. 202 ; 2 Rorer on Railroads, 1499 ; *Applegate v. Ernst*, 3 Bush, 648 ; *Georgia v. Railroad*, 3 Woods, 434; 76 Ill. 561, 584; *State*

*ex rel. v. Railroad*, 55 Mo. 378; *Washington Co. v. Railroad*, 58 Mo. 376 ; *In re Apportionment of School Taxes*, 78 Mo. 596 ; *Railroad v. Morris*, 7 Kas. 222. (7) The act of making such separation is in direct conflict with section 6865, Revised Statutes of 1879, which provides that property owned by railroads can only be assessed and the taxes levied and collected as provided in that article. (8) The act of the state board in apportioning the one-half of the assessed valuation of the bridge to Clay county is in direct violation of the provisions of section 6873, Revised Statutes of 1879. (9) The act in relation to "the assessment and collection of taxes on bridges owned by joint stock companies" has no application here. (10) If the act of April 21, 1877, in relation to the bridges owned by joint stock companies is held to apply, the state board of equalization has no jurisdiction to assess the bridge, but the same must be assessed as local property under section 6876, by the local assessors.

HENRY, C. J.—This is an action commenced by plaintiff in the Clay circuit court for the recovery of $3,907.14, taxes assessed against defendant's bridge over the Missouri river at Kansas City, for the year 1883. A demurrer to the petition was sustained, and judgment rendered in favor of defendant, from which this appeal is prosecuted.

The only question for determination presented by the record and by counsel in their briefs is, whether under section 6901, Revised Statutes, 1879, said bridge is taxable as a toll bridge or only as a part of the railroad. That section is as follows: "All bridges over streams in this state, or over streams dividing this state from other states, owned by joint stock companies, and all such bridges where toll is charged for crossing the same which are now constructed, * * * shall be subject to taxation for state, county, municipal and other local pur-

poses, to the same extent as property of private persons, and taxes levied thereon shall be levied and collected in the manner as is now or may hereafter be provided by law for the taxation of railroad property in this state; * * * and the president or other chief officer, of any such bridge, * * * or the owner of any such toll bridge are hereby required to render statements of the property of such bridge * * * in like manner as the president or other chief officers of railroad companies are now or may hereafter be required to render for the taxation of railroad property."

There are two classes of bridges named in the section; first, bridges owned by joint stock companies, whether toll bridges or not; second, toll bridges, whether owned by joint stock companies or not. In the latter class, under this section, are embraced all railroad bridges for which a toll is charged for crossing thereon, unless section 6866 withdraws all bridges owned by railroad companies from its operation. That section is as follows:

"On or before the first day of January in each and every year the president or other chief officer of every railroad company, * * * shall furnish to the state auditor a statement duly subscribed and sworn to by said president, * * * setting out in detail the total length of their road so far as completed * * * with water tanks, depots, and turn-tables, the length of such road, etc., in each county, municipal township, incorporated city, town or village through or in which it is located in this state; the total number of engines and cars of every kind and description, including all palace or sleeping cars, passenger and freight cars, and all other movable property owned, used, or leased by them on the first day of August in each year, and the actual cash value thereof."

This section embraces the road bed, all real property connected with it, necessary to the operation of the road,

and all the movable property of the company. Under section 6901, *supra*, a railroad bridge constituting a part of the track, and also used as a toll bridge, is taxable as a bridge. If only used as a part of the railroad track for the passage of trains of cars, belonging to the company or by others for other purposes for which no toll is charged, it is taxable only as a part of the road. It requires "the president or other chief officer of any such bridge, * * * or the owner of any such toll bridge, to render statements of the property," etc. The language : "The president or other chief officer of any such bridge," evidently embraces only those bridges owned by joint stock companies.

It does not embrace bridges owned by railroad corporations. Such corporations are not joint stock companies ; hence, for instance, a railroad bridge over the Missouri river, not used as a toll bridge, is not taxable as a bridge, and such is the construction placed upon the law by the state board of equalization.

The language following : "Or the owner of any such toll bridge, embraces all toll bridges over streams in this state and streams dividing this from other states, without regard to ownership." If the intent was to tax only bridges owned by joint stock companies, the language, "And all such bridges where a toll is charged for crossing the same," is surplusage. That was already accomplished by the first clause, which declares that, "All bridges * * * owned by joint stock companies should be taxable." It matters not whether a bridge owned by a joint stock company is a toll bridge or not, it is taxable as a bridge, but a bridge owned by any other than a joint stock company is not taxable as a bridge, unless toll is charged for crossing.

The petition having stated the due assessment and equalization of the bridge, the demurrer should have been overruled. The judgment is reversed and the cause remanded. All concur.