# CASES DETERMINED

BY THE

# SUPREME COURT

OF THE

# STATE OF MISSOURI,

AT THE

OCTOBER TERM, 1892.

*(Continued from Volume 113.)*

THE STATE *ex rel.* WYATT, Collector, v. THE WABASH RAILROAD COMPANY *et al., Appellants.*

Division Two, January 31, 1893.

1. **Taxation**: ASSESSMENT: DESCRIPTION OF LAND. An accurate description of land is necessary to a valid assessment of a tax thereon.

2. ———: ———. The assessment is the basis of the tax.

3. ———: ———: ———: EXTRINSIC EVIDENCE. A description of the land in the assessment, tax bill and petition in an action for delinquent taxes, was "the undivided half of Gillis addition to the city of Kansas, except all that part thereof assessed by the state board of equalization." *Held,* that the description was too indefinite and uncertain to authorize the enforcement of the tax lien and that extrinsic evidence was inadmissible to cure it.

4. ———: ———: ———: ———. So a description of "all of lots 5, 6, 7, 8, 9 and 10, block 28, lying outside of the right of way, West Kansas addition number 1," is likewise fatally defective.

| | |
|---|---|
| 114 | 1 |
| 127 | 372 |
| 114 | 1 |
| 149 | 445 |
| 114 | 1 |
| 162 | 336 |
| 114 | 1 |
| 97a | 3401 |
| 98a | 2109 |

(1)

The State ex rel. Wyatt v. The Wabash Ry. Co.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED.

*F. W. Lehmann* and *Geo. S. Grover* for appellants.

(1) The descriptions of this property for the years sued for, as contained in the tax-books, and as stated in the petition, were so vague and indefinite as to fail to support a judgment. It is impossible to tell from the description what part of the property was assessed by the state board of equalization, and what part, if any, was assessed, or intended to be assessed, by the local assessor, and for that reason it cannot be located. Burroughs on Taxation, p. 205, and cases cited; Blackwell on Tax Titles, sec. 227, and cases cited; Cooley on Taxation [2 Ed.] pp. 408, 409, and cases cited; *City of Jefferson v. Whipple,* 71 Mo. 520; *Ronkendorff v. Taylor's Lessees,* 4 Pet. (U. S.) 349; *Lessee v. Long,* 2 Ohio, 293; *Lafferty's Lessee v. Byers,* 5 Ohio, 458; *Treon's Lessees v. Emerick,* 6 Ohio, 399; *Young Men's Society v. Mayor,* 3 Mich. 184; *Atwell v. Zeluff,* 26 Mich. 118; *People v. Railroad,* 96 Ill. 369; *Sanford v. People,* 102 Ill. 374; *Commissioners v. Goddard,* 22 Kan. 389; *People v. Cone,* 48 Cal. 427. (2) The property here sued for was subject to assessment only by the state board of equalization. *State v. Severance,* 55 Mo. 378; *Railroad v. Watson,* 61 Mo. 57; *School Tax Case,* 78 Mo. 596; *State v. Railroad,* 79 Mo. 420; *State v. Railroad,* 82 Mo. 683; *State v. Railroad,* 89 Mo. 98; *State v. Railroad,* 97 Mo. 348; *Railroad v. Cheyenne,* 113 U. S. 516; *Railroad v. People,* 98 Ill. 350; *Railroad v. People,* 99 Ill. 464; *Anderson v. Railroad,* 117 Ill. 26; *Railroad v. Goar,* 118 Ill. 134; *Railroad v.*

*Lafayette*, 22 Ind. 269; *Railroad v. Kilner*, 69 Ind. 71; *Pfaff v. Railroad*, 108 Ind. 144; *Dubuque v. Railroad*, 47 Iowa 196; *Railroad v. Davenport*, 51 Iowa 451; *Railroad v. Morris*, 7 Kan. 210; *Railroad v. Hancock*, 35 N. J. Law, 537; *Franklin Co. v. Railroad*, 80 Tenn. 521. (3) The court erred in rendering a judgment against the lots therein named in the Gillis addition, and in block 28, without first ascertaining and deducting therefrom the portions of said tracts on which taxes had been paid or tendered upon the assessments made by the state board of equalization. *Railroad v. People*, 137 Ill. 181; Revised Statutes, 1889; sec. 7683, *State ex rel. Rosenblatt v. Sargent*, 76 Mo. 557.

*Gates & Wallace*, for respondent.

(1) The description in the assessment of Gillis's addition was made good by the evidence. Indeed it was good as it stood on the assessment book and only required the evidence for which it called to make it certain. The evidence showed what part of the addition was included in the exception (*i. e.*, that part assessed by the state board) and therefore what part was included in the assessment. Upon the principle that that is certain which may be made certain, the court committed no error in rendering judgment for taxes on this land. *Hall v. Cowgill*, 81 Mo. 381; *Brown v. Walker*, 11 Mo. App. 226; *Brown v. Walker*, 85 Mo. 262; *Adkins v. Morgan*, 67 Mo. 100; *Webster v. Blount*, 39 Mo. 500; *McPike v. Allman*, 53 Mo. 551; *Hammond v. Johnson*, 93 Mo. 214; *Wetherbee v. Dunn*, 32 Cal. 106; *People v. Leet*, 23 Cal. 161; *Hopkins v. Young*, 15 R. I. 48; *Drew v. Morrill*, 62 N. H. 23. (2) The court committed no error in rendering judgment against lots 5, 6, 7, 8, 9 and 10, block 28, West Kansas Addition number 1, for the taxes of 1886 and

1887. All of this tract was lying outside of the right of way on the first day of June, 1885 and 1886. A part of the tract was vacant and a part occupied, either by a roundhouse or an office building. This property came clearly within the class mentioned in the statute as assessable by the local authorities. The description "All lots 5, 6, 7, 8, 9 and 10, block 28, West Kansas addition number 1, lying outside right of way," was not void, because all of the tract was, in fact, outside of the right of way. See authorities cited under point 1. (3) Heretofore we have been considering the case as though there was the same necessity for a perfect description in the assessment of railroad property as the property of individuals. But, under the article of our statutes providing for the assessment and taxation of railroad property, such does not seem to be the case. Taxes on railroad property are not made a lien against the particular pieces or tracts against which they are levied but they constitute a lien upon all the property of the company in the county. That the lands for the taxes upon which the lower court rendered judgment were subject to assessment by the local authorities, see the following cases: *Railroad v. Jersey City*, 53 N. J. Law, 547; *Railroad v. Yeates*, 17 Pac. Rep. 457; *Railroad v. Quincy*, 27 N. E. Rep. 200.

GANTT, P. J.—This is an action to enforce the lien of the state for certain taxes alleged to be due and owing on certain real estate belonging to defendant in Jackson county. The taxes for which the action is brought are for the years 1886, 1887 and 1888.

The petition contains ten counts, but, inasmuch as the court rendered a final judgment for defendant on the sixth, seventh, eighth and ninth counts and plaintiff voluntarily dismissed as to the tenth count, the

appeal involves only the rulings of the court on the first, second, third, fourth and fifth counts, on which the court gave judgment in the aggregate for $1,047.85.

The first, second and third counts declare for taxes of 1886, 1887 and 1888, respectively, on property described in the assessment, tax bill and petition as *"the* undivided half of Gilliss' addition to the City of Kansas, Jackson county, Missouri, *except all that part thereof returned to and assessed by the state board of equalization."* The fourth and fifth counts seek to collect taxes for the years 1886 and 1887, respectively, on property described in *the assessment and tax bill,* as "All lots 5, 6, 7, 8, 9 and 10, block 28, *lying outside of the right of way,* West Kansas addition number 1," and in the petition in the same manner, with the addition of the words, *"of defendant,"* after "right of way."

The answer was a general denial of each and every count. A jury was waived and the cause tried to the court as a jury.

For a better understanding the discussion will apply to the taxes on each tract separately.

Considering then first, the first three counts. The action is for the taxes of 1886, '87, and '88, on "the undivided half of Gilliss' addition to the city of Kansas, in Jackson county, Missouri, except all that part thereof, returned to and assessed by the state board of equalization." At the trial the defendant objected to any evidence in support of the petition because the description in the petition was too vague and indefinite to support a tax or judgment therefor. This objection was overruled. Then plaintiff offered a tax bill certified by the collector containing the same description. Defendant renewed its objection to the evidence as too uncertain, indefinite and vague to sustain a judgment and it was overruled. Plaintiff

then offered Frank Knight, an employe in the assessor's office, and, over the objection of defendant, the court permitted this witness to state verbally how many lots there were in Gilliss' addition and their numbers, being numbers 1 to 17 inclusive and 25, 26 and 27. Also what part of the addition was occupied by railroad tracks. The defendant objected to this on the ground that defendant's liability must be measured by the assessment, and that it was not competent or permissible to supply a description by parol. The defendant duly saved its exceptions to these several rulings.

The plaintiff offered in evidence the printed journals of the state board of equalization which showed that for each of the years 1886, 1887 and 1888, said board had assessed as property of defendant in Kansas township, Kansas City, three tenths of a mile of track at a valuation of $13,024.90 per mile and buildings at $4,000 for the year 1886 and the same property at substantially the same valuation in 1887 and 1888.

I. By section 7718 of the Revised Statutes of 1889, railroad companies are required to annually return to the state auditor in detail the total length of their road in this state, including branch or leased roads, the length of double and side-tracks, with depots, water-tanks and turn tables; the mileage of road and side-tracks in each county, township, city, town or village through which it is located, also all rolling stock. By section 7728 all railroad property, both real and personal, not described in section 7718 is subject to local assessment and taxation, in the several counties, cities, towns and villages, in which it is situated "under the general revenue laws of the state and the municipal laws regulating the assessments of other local property in such counties, cities, incorporated

towns and villages, respectively, but the taxes on the property so assessed shall be levied and collected according to the provisions of this article." By section 7729, the president or other chief officer is required to furnish to each county clerk a statement describing all lands by section, lot or subdivisions *not included* in his return to the state auditor under sections 7718 and 7719, and the county courts are required to levy on this local property the same rate that is levied on other property.

By section 7733 the county clerk is required to make out a separate tax book, to be known as the railroad tax book, in which he shall place *first*, the total valuation of the roadbed and rolling stock of each railroad company as equalized and apportioned to said county by the state board of equalization. "*Second*, a description of each tract of land, town lot or other real estate, including the machine and workshops and other buildings in numerical order," etc. By section 7737 all the property of the railroad in the county is made liable for all the taxes assessed against such company in said county, and a lien is reserved to the state to enforce the payment thereof.

It is of course apparent that this action was commenced and prosecuted on the theory that the property described in the petition was subject to local assessment and taxation, and was not included in the return made to the state board of equalization, and by the laws relating to local assessment and taxation the validity of plaintiff's proceedings leading up to this suit must be tested.

"A valid assessment has invariably been held an essential prerequisite to the lawful exercise of the power of taxation." *Abbott v. Lindenbower*, 42 Mo. 162. Now, by section 7728, we have seen this property, if *local*, as assumed by plaintiff, was required to be

assessed by the proper assessors of Jackson county and Kansas City. By section 7555 every county assessor is required to make out an assessment book, known as the "Real Estate Book," which shall contain all lands subject to assessment. "The third column shall contain *an accurate description of the land by the smallest legal subdivisions*, or by smaller parts, *lots* or parcels when sections and the subdivisions thereof are subdivided into parts, lots or parcels; the fourth column shall contain the actual cash valuation" of each tract. By section 7552 "each assessment of real estate so made shall be the basis of taxation on the same for the two years next succeeding." An accurate description then is necessary to a valid assessment and the assessment is the basis of the tax.

In *City of Jefferson v. Whipple*, 71 Mo. 520, this court held that a description of a piece of real estate as "part of in-lot number 331 on the plat of said city," was so vague and indefinite that no action could be maintained on it for the taxes. *People v. Reat*, 107 Ill. 581. The evidence in this case for the plaintiff shows that the property in the first three counts consists of city lots in an addition to the City of Kansas known as Gillis's addition. These lots are numbered and their sizes indicated upon the plat of dedication. There are twenty-eight lots in the addition according to the plat on file.

The evidence further discloses that there were two railroad tracks of the Hannibal & St. Joseph railroad and two tracks of the Chicago & Alton and one track and a switch of the Chicago & Alton, all located upon and through this addition. Neither the assessment or the tax bill listed the lots by their number as required by the statute, but the whole addition is assessed together, *"less that part assessed by the state board."*

Now, there could have been no difficulty whatever in assessing each of these lots by its numerical number as the statute imperatively requires. Nor can the officers of the law, whose duty it is to assess and collect this tax, be heard to say it is immaterial to the owner of two or more lots in an addition if they disregard the law and assess them in a group. Judge COOLEY in his work on taxation says at page 401, "Nay, when the two parcels are owned by the same person, if the statute requires a separate assessment, obedience to the requirement is essential to the validity of the proceedings. It cannot be held in any case that it is unimportant to the taxpayer whether this requirement is complied with or not. Indeed, it is made solely for his benefit." *Bruce v. McBee*, 23 Kan. 379; *Hapgood v. Morten*, 28 Kan. 764. This is a direct proceeding and no possible harm can come to the state in requiring its officers to obey its laws. Not only were there twenty-one lots grouped together for assessment in violation of a positive statute which provided for their separate assessment, but, from the general description given, an exception is made of "that part assessed by the state board."

The defendant contends that inasmuch as the state board kept no record of its findings it is impossible for defendant to know what part of its real estate entered into its assessment. The statute 7723 expressly authorizes the state board in assessing and equalizing railroad property to reach its conclusions upon its own knowledge. It is not bound by the returns of the company or the evidence it hears.

Now this court in *State ex rel. v. Railroad*, 89 Mo. 98, held that the property assessable by that board "embraced the road bed, *all real property connected with it necessary to the operation of the road*, and all the movable property of the company." If, under this

10    SUPREME COURT OF MISSOURI,

The State ex rel. Wyatt v. The Wabash Ry. Co.

interpretation of their duties, the state board, upon the return thereof to them and the evidence they heard, or from their knowledge, concluded these lots were used by the defendant in the necessary operation of its road, and assessed it as such, then no part was left liable to local assessment, or if they deemed a part of them necessary to the operation of the road, that part is not included in this assessment, but unfortunately for the plaintiff there is no record anywhere what part was so assessed. That is a matter resting wholly in the memory of the members of that board, some of whom have since died. We have not overlooked the fact that the board assessed three tenths of a mile of track in Kansas City at about $13,000 per mile, the buildings at $4,000, but this was necessary to get at the proportion of the three tenths of a mile to the whole road. This in nowise solves the question what adjacent real estate, if any, that board assessed as a part of that railroad, three tenths of a mile of which was in said city. The assessment affirms they did assess a part, but what part is not ascertainable by any public record nor by any fixed monuments.

This court has been very liberal in upholding descriptions in sheriff's sales, but in each case it has based its decision upon some recital or reference to some fact *"in pais"* well known, by which the said tract could be identified, but it has uniformly declared the rule to be that the description and "the intention of the parties must be contained in the instrument or its references, expressed or implied, with such certainty that the locality of the land can be ascertained from it."

Tested by this rule, we think the exception in this assessment and tax-bill rendered the whole too vague and uncertain to be the legitimate basis of a tax proceeding. "The result of the whole is that where the

assessment wholly fails to lead to identification, so that neither the owner nor the officer can tell that his land is taxed, the duty of payment cannot be performed and the assessment is void." *Philadelphia v. Miller,* 49 Pa. St. 440, cited in Cooley on Taxation, pp. 408 and 409, and cases cited.

We think the court most clearly erred in admitting parol evidence to supply a description of this property, and to make that description the basis of its action and judgment. The assessment is the basis of the tax. If the assessment is void the tax is void. "Assessment is, from its legal requirement and the necessity of preserving its evidence, a written entry," and must depend upon the assessment rolls, as returned by the assessor and approved by the court. This the law requires to be authenticated, and has not left to the uncertain memory of witnesses or parol testimony. *Philadelphia v. Miller,* 49 Pa. St. 440. Upon the assessor is devolved the duty of making the assessments. Neither the county or circuit courts can assess property. *Railroad v. Cass Co.,* 53 Mo. 17.

The judgment on the first three counts is therefore reversed.

This brings us then to a consideration of the fourth and fifth counts. The taxes are for the same years, 1886, 1887 and 1888. The property to be charged is "all of lots 5, 6, 7, 8, 9 and 10, block 28, *lying outside the right of way,*" West Kansas addition number 1. Here the lots are assessed by numbers; but when we come to consider what part of these lots lies outside of the right of way, the uncertainty of the description increases, until it becomes absolutely unintelligible. Mr. Knight, the plaintiff's witness, who surveyed these lots, testified they were all cut by railroad tracks, but whose tracks they were he could not tell. The lots

were crossed by what he terms fifteen different main tracks going into the union depot at Kansas City.

Every judgment or decree of a court of justice should be based upon established facts. While it is too often true that the evidence by which these facts must be found is not as satisfactory as could be desired, still no judgment should be based upon conjecture or speculation alone. It is the duty of the party demanding the judgment to furnish the evidence. This case furnishes a striking example. The attempt is to levy a local tax upon certain real estate over which the main tracks of a railroad leading into a great union depot are located, fifteen in number. Under the laws of this state the lands so occupied by the tracks are assessable by the state board of equalization, but the contention is, that some portion of these lots *lie outside* of the right of way and hence are assessable by local authorities. This the company denies. Without surveying or ascertaining in a definite manner otherwise, the assessor lists all these lots in a group in defiance of the statute, and then excepts "right of way." Now, right of way, of course, is the land occupied for the easement, but it has no fixed definite width in our law. Railroad companies may condemn generally a strip one hundred feet wide in the country, but not necessarily so much in a city, nor are they restricted to any number of feet for terminal facilities for a great road terminating at a great city like Kansas City, the great distributing point for both freight and passenger traffic between the east and the west. Hence, this exception is utterly uncertain without extrinsic aid. But it is when we seek the aid of a surveyor to clear up this uncertainty that it becomes apparent that the assessor himself had no conception of the quantity and location of the portion he sought to assess for local purposes. The assessment and tax bill were uncertain and vague and the testimony

offered to them rendered the description more so. The objection of the defendant should have been sustained and the judgment of the circuit court on these counts also reversed. All concur.